# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8352 | **DATE** | 10/4/2004 |
| **CASE TITLE** | Akkaraju vs. Ashcroft | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, Shelly Akkaraju's claims are dismissed in full. Sailesh Akkaraju's petition for a writ of habeas corpus is dismissed in part. The only claim that remains is Mr. Akkaraju's claim of denial of due process. The government is directed to address this claim further in a supplemental response of no more than ten pages, to be filed by 10/25/04. Mr. Akkaraju may file a supplemental reply of no more than ten pages by 11/15/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | OCT 0 6 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 12 |
| | Mail AO 450 form. | | GMA | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| OR | courtroom deputy's initials | U.S. DISTRICT COURT 2004 OCT -5 PM 4:52 Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials | |

SAILESH C. AKKARAJU and )
SHELLY AKKARAJU )
)
Petitioners, )
)
v. )     Case No. 03 C 8352
)
JOHN ASHCROFT, Attorney General )
of the United States; DEBORAH ACHIM, )
Field Office Director, U.S. Department of )
Homeland Security, Immigration and Customs )
Enforcement, Chicago District Office, )
)
Respondents. )

**DOCKETED**

**OCT 0 6 2004**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Petitioner Sailesh Akkaraju is a citizen of India. He came to the United States in 1991 as a non-immigrant student. He is the husband of co-petitioner Shelly Akkaraju, a United States citizen. In 1998, Mr. Akkaraju pled guilty in federal court to conspiracy to commit bank and interstate transportation fraud and was sentenced to 20 months in prison. The Immigration and Naturalization Service ("INS") determined that this crime was an "aggravated felony" under 8 U.S.C. § 1101(a) and therefore commenced deportation proceedings against Mr. Akkaraju when he was released from prison. On May 14, 2002, the INS issued an order of deportation. Pet., Ex. 3, ¶ 7. Mr. Akkaraju appealed the order to the Board of Immigration Appeals ("BIA") and made a motion for relief from deportation under section 212(h) of the Immigration and Nationality Act. *Id.* The BIA dismissed his appeal and denied a subsequent motion to reopen his case. Pet. ¶ 22.

1

Mr. Akkaraju is currently seeking review in the Court of Appeals of the BIA's refusal to reopen his case. Govt. Ex. 4.

In 2003, Mr. Akkaraju filed a petition seeking a stay of removal and a writ of habeas corpus, which Judge Grady dismissed on September 25, 2003. Govt. Ex. 1. He subsequently filed another petition for habeas corpus, which he withdrew on December 5, 2003. Govt. Ex. 2. Mr. Akkaraju and his wife Shelly filed the present habeas corpus petition on November 20, 2003. In December 2003, Mr. Akkaraju was deported to India, his home country. Resp. at 2. Because he was deported based on conviction of an aggravated felony, Mr. Akkaraju is prohibited from entering the United States for ten years.

## DISCUSSION

### 1. *Jurisdiction*

The government originally argued that the Court lacked jurisdiction over the Akkarajus' habeas corpus petition on mootness grounds. The Court ruled that the case was not moot because, although Mr. Akkaraju currently resides in India, he was in custody in the United States at the time he filed the petition. *Akkaraju v. Ashcroft*, No. 03 C 8352, Order of April 30, 2004.

The government now argues that the Court lacks jurisdiction as a result of the BIA's decision to deny Mr. Akkaraju's motion to reopen his case, a discretionary decision over which a district court has no jurisdiction. Resp. at 6. The Court disagrees. Mr. Akkaraju still has standing under Article III to bring a habeas corpus petition due to the ongoing collateral consequences of his deportation. *Max-George v. Reno*, 305 F.3d 194, 196 (5th Cir. 2000) ("[Petitioner's] ongoing Article III injury is that he cannot be admitted into the United States within ten years of the date of his removal under 8 U.S.C. § 1182(a)(9)(A)(ii) as a 'collateral

2

consequence' of his deportation."). Therefore, this Court has jurisdiction to entertain a claim of constitutional violation in connection with deportation raised by way of a petition for a writ of habeas corpus. *INS v. St. Cyr*, 533 U.S. 289, 305 (2001) (the Antiterrorism and Effective Death Penalty Act of 1996 does not preclude habeas review of constitutional claims in the district courts).

### 2.  *Sailesh Akkaraju's due process claims*

The heart of Mr. Akkaraju's petition is a due process claim in which he contends that he is entitled to a hearing before the government can deny him relief from deportation under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182. Section 212(h) allows the Attorney General, in his discretion, to waive deportation of an immigrant if the immigrant is married to a citizen and if "it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship" to the spouse. It appears that Mr. Akkaraju applied to the BIA for this relief but was denied in a written decision. Pet., Ex. 3, ¶ 13. Mr. Akkaraju is not asking this court to review the written decision that denied him § 212(h) relief.[1] Instead, he claims that he had a due process right to a hearing on his petition for § 212(h) relief and that a mere written decision on the issue is constitutionally insufficient. Pet. ¶57.[2] Without a hearing, Mr. Akkaraju argues, the Attorney General is left to exercise "unbridled

---

[1] *See* 8 U.S.C. § 1182(h) ("No court shall have jurisdiction to review a decision of the Attorney General to grant or deny" relief under this section).

[2] The distinction between a review of relief and a grant of a hearing is a very important one, because this Court does not have the power to grant the relief itself. *See, e.g., Morales-Morales v. Ashcroft*, – F.3d – , 2004 WL 2050126, *2-3 (7th Cir. Sept. 16, 2004) (distinguishing between a grant of relief, which the court has no authority to provide, from a grant of procedure, which the court does have the authority to provide).

power" without any procedural protections that would ensure proper review of each immigrant's case. *Id.* ¶¶ 54-55.

The government has focused on what it perceives to be the Akkarajus' other claims and has not directly responded to Mr. Akkaraju's due process claim. It states only that:

> [p]etitioners' insistence upon a "hearing" is not based upon a constitutional right, a statutory right nor a regulatory right...He [Salish] was afforded due process in his immigration hearing before the immigration judge, he had the right to appeal his case, and he maintains the right to his appeal before the Seventh Circuit, despite his removal to India.

Resp. at 7. The government cites no authority supporting its contention that Mr. Akkaraju had no right to a hearing. The Court is unwilling simply to assume the accuracy of the government's contention and will require further briefing, as discussed later in this decision.

Mr. Akkaraju has made other claims which cannot be brought in this Court. Much of his submission is taken up by arguments why he should not be deported. Challenges to a deportation order, however, may only be brought in a circuit court of appeals. *Bhatt v. BIA*, 328 F.3d 912, 914 (7th Cir. 2003). And, in fact, Mr. Akkaraju filed such an appeal in the Seventh Circuit.

Similarly, Mr. Akkaraju argues that his conviction for bank fraud should not be classified as an aggravated felony under 8 U.S.C. § 1101. This is part and parcel of his claim that deportation was inappropriate and thus can be decided only by a court of appeals.

### 3. *Shelly Akkaraju's due process claim*

Petitioner Shelly Akkaraju recognizes that a citizen spouse has no constitutional right to have her alien husband remain in the United States. Pet. ¶ 31; *see, e.g., Anetekhai v. INS*, 876 F.2d 1218, 1222 n. 5 (5th Cir. 1989); *Almario v. Attorney General*, 872 F.2d 147, 151 (6th Cir. 1989). She claims, however, that she has a due process right to hearing before her husband can

4

be deported. She bases this claim on the constitutional protection of freedom of association. The Supreme Court has recognized a right of intimate association, which includes the right to marry. *Roberts v. U. S. Jaycees*, 468 U.S. 609 (1984). Mrs. Akkaraju argues that by deporting her husband, the government is burdening her constitutionally-protected right to marital association and therefore must provide her with a pre-deportation hearing. Pet. ¶ 31. In support of this contention, she cites *Manwani v. INS*, 736 F. Supp. 1367 (W.D.N.C. 1990). Mrs. Akkaraju's reliance on *Manwani* is misplaced. The court in that case dealt with a section of the immigration code that imposed a two-year foreign residency requirement on all aliens who enter into marriages during the pendency of deportation proceedings. The court held that because this rule imposed a penalty for entering into marriage, it could not be imposed without due process. *Id.* The court was careful to point out that its decision applied only to cases in which deportation was based upon marriage, and not to cases (such as the one this Court now faces) in which in which deportation was based on the commission of a crime and was wholly unrelated to the marriage. *Id.* at 1380.

It is true that Mr. Akkaraju's deportation forces Mrs. Akkaraju to choose between her wish to remain with her husband and her right to remain in this country. Though that is surely a very difficult decision, it is not an undue burden on Mrs. Akkaraju's constitutional rights, and thus a hearing is not constitutionally required. *See Silverman v. Rogers*, 437 F.2d 102, 107 (1st Cir. 1970) ("deportation of an alien subject to deportation does not, because of the existence of a marital relationship, violate the constitutional rights ... of the citizen spouse"). Mrs. Akkaraju has therefore failed to present a cognizable due process claim.

5

## CONCLUSION

For the foregoing reasons, Shelly Akkaraju's claims are dismissed in full. Sailesh Akkaraju's petition for a writ of habeas corpus is dismissed in part. Mr. Akkaraju's claims concerning whether he should be granted relief from deportation and whether his felony conviction is properly classified as a "aggravated" are dismissed. The only claim that remains is Mr. Akkaraju's claim of denial of due process. The government is directed to address this claim further in a supplemental response of no more than ten pages, to be filed by October 25, 2004. Mr. Akkaraju may file a supplemental reply of no more than ten pages by November 15, 2004.

MATTHEW F. KENNELLY
United States District Judge

Date: October 4, 2004