# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8352 | **DATE** | 12/13/2004 |
| **CASE TITLE** | | Akkaraju vs. Ashcroft | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies the petition for habeas corpus. The Clerk is directed to enter judgment in favor of respondents.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 14 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SAILESH AKKARAJU,  )
)
Petitioner,  )
)
vs.  )  Case No. 03 C 8352
)
JOHN ASHCROFT, Attorney General of  )
the United States, and DEBORAH ACHIM,  )
Field Office Director, U.S. Department of  )
Homeland Security, Immigration and Customs  )
Enforcement, Chicago District Office,  )
)
Respondents.  )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Sailesh Akkaraju is a citizen of India who came to this country as a student in 1991. In 1998, he pled guilty to conspiracy to commit bank fraud and was sentenced to a prison term. Following completion of his sentence, the Immigration and Naturalization Service commenced deportation proceedings. At some point after those proceedings were commenced, Mr. Akkaraju married Shelly Akkaraju, an American citizen.

In May 2002, an immigration judge issued an order of deportation. Mr. Akkaraju appealed, but the Board of Immigration Appeals affirmed the judge's order in October 2002. The BIA's order noted that in the appeal, Mr. Akkaraju had not "identified or asserted any form of relief from [deportation] for which he is statutorily eligible." Response to Petition (filed Oct. 25, 2004), Ex. 2.

Mr. Akkaraju moved to reopen the proceedings so that he could seek "adjustment of

status" based on his marriage to an American citizen. The BIA denied this request in February 2003 on the grounds that Mr. Akkaraju had not submitted a proper application for adjustment of status. The BIA's order stated that because Mr. Akkaraju had not met the requirements for reopening the proceedings, "we need not address issues concerning [his] claim for relief under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h)." *See id.,* Ex. 3.

It appears that Mr. Akkaraju then filed a second motion to reopen, but the BIA denied the motion in April 2003 on the grounds that applicable regulations permit only one such motion. *Id.,* Ex. 4. Mr. Akkaraju currently has an appeal pending before the Seventh Circuit, though it is not clear to this Court exactly which of the above-referenced decisions is the subject of that appeal.

In the present case, Mr. Akkaraju seeks a writ of habeas corpus, alleging that he was denied a hearing on his request for section 212(h) relief "on procedural grounds" that were no fault of his own. Petition ¶ 1. Based on the allegations of the petition, it appears that Mr. Akkaraju contends that his immigration lawyer, Barbara Susman, erroneously failed to submit a proper application for adjustment of status before moving to reopen the deportation proceedings. *Id.* ¶ 20. As noted above, the failure to submit a proper application was the reason why the motion to reopen was denied. Mr. Akkaraju alleges that he thereafter submitted an appropriate adjustment application and a second motion to reopen, *see id.* ¶ 21, but as noted above the second motion was denied based on a regulation allowing only one such motion.

Mr. Akkaraju contends that the failure to grant him a hearing on his section 212(h) request violated his right to due process of law. He also appears to claim that application of the procedural rule requiring a properly completed application for adjustment of status as a

2

prerequisite to reopening the deportation was arbitrary and a violation of due process. *See* Reply ¶ 11 ("the Petitioner is facing a potentially lifetime exile with serious implications for him and his family. Is a misfiled document sufficient to override that?"). Respondents argue that because relief from deportation is discretionary, Mr. Akkaraju has no protectible liberty or property interest and thus cannot sustain a claim for denial of procedural due process.

A claim for denial of procedural due process depends on the existence of a protectible liberty or property interest. *See, e.g., Board of Regents v. Roth,* 408 U.S. 564, 569-71 (1972); *Dandan v. Ashcroft,* 339 F.3d 567, 575 (7th Cir. 2003). The Fifth Amendment entitles aliens to due process in deportation proceedings. *Reno v. Flores,* 597 U.S. 292, 306 (1997). But Akkaraju's complaint concerns the process accorded him in seeking relief from deportation, not the deportation proceeding itself. Relief from deportation is a discretionary remedy, roughly equivalent to executive clemency, over which the executive branch has unfettered discretion. *See INS v. Yang,* 519 U.S. 26, 30 (1996) (citing *Jay v. Boyd,* 351 U.S. 345, 354 (1956)). A constitutionally protected interest does not arise from relief that the executive exercises unfettered discretion to award. *See Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 465 (1981). Indeed, several Courts of Appeals, including the Seventh Circuit, have held that discretionary relief in the immigration context does not implicate a constitutionally protected liberty interest. *See, e.g., Dave v. Ashcroft,* 363 F.3d 649, 653 (7th Cir. 2004) (citing cases); *Tovar-Landin v. Ashcroft,* 361 F.3d 1164, 1167 (9th Cir. 2004); *Dandan,* 339 F.3d at 575; *Tefel v. Reno,* 180 F.3d 1286, 1300 (11th Cir. 1999).

Perhaps more to the point, to the extent Mr. Akkaraju is claiming that he was denied due process by application of the BIA's rule precluding reopening of a deportation proceeding absent

3

filing of a proper and complete application for adjustment of status, that claim would lack merit even if he did have a protectible liberty or property interest. The adoption of a rule of general applicability by an administrative agency does not violate due process, *see generally United States v. Florida East Coast Ry. Co.*, 410 U.S. 224, 244-46 (1973), and a mere error in the application of a procedural rule (if that is what happened here, which is unlikely) does not give rise to a claim for denial of procedural due process. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983).

If what Mr. Akkaraju is saying about his lawyer's error is correct, he may have a viable legal malpractice claim against her, but his lawyer's default does not entitle him to habeas corpus relief in the present context. There is no Sixth Amendment right to effective assistance of counsel in an immigration proceeding, *see, e.g., Ambati v. Reno*, 233 F.3d 1054, 1061 (7th Cir. 2000); ineffectiveness of counsel gives rise to a right to relief, if at all, only if it rises to the level of a due process violation. *See Kay v. Ashcroft*, 387 F.3d 664, 676 (7th Cir. 2004). But because, as the Court has concluded, the constitutional right to due process is not implicated where discretionary relief is at stake, the default of Mr. Akkaraju's attorney does not entitle him to relief.

## Conclusion

For these reasons, the Court denies the petition for habeas corpus. The Clerk is directed to enter judgment in favor of respondents.

Date: December 13, 2004

MATTHEW F. KENNELLY
United States District Judge